## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DEBBIE JOE,**

       **Plaintiff,**

       **v.**

**CAPITAL LINK MANAGEMENT, LLC, GLOBAL MEDIATION GROUP, LLC, and JERRY VERHAGEN,**

       **Defendants.**

**CIVIL ACTION FILE No. 1:20-cv-02763-SDG-AJB**

### UNITED STATES MAGISTRATE JUDGE'S ORDER
### AND NON-FINAL REPORT AND RECOMMENDATION

Currently before the Court is Defendant Capital Link Management LLC's ("Capital Link" or Defendant) Motion to Partially Dismiss Plaintiff's Amended Complaint. [Doc. 23]. For the reasons stated below, the Court **RECOMMENDS** that the motion be **GRANTED IN PART and DENIED IN PART**. The Court also **DENIES** Plaintiff's request, contained within ECF No. 29, to file a second amended complaint.

### I.    Introduction

Plaintiff filed her initial complaint on June 30, 2020, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-390, et seq., against Capital Link.[1] [Doc. 1 at 12-14, 16-21, 25-26].[2]  On August 11, 2020, Capital Link answered the complaint. [Doc. 11].  On October 7, 2020, Plaintiff moved to amend the complaint to add Jerry Verhagen as a defendant and correct inadvertent errors. [*See* Doc. 20 at 1].  The Court granted the motion on November 24, 2020, making the amended complaint the operative pleading.  [Docs. 21, 22].  In the amended complaint, Plaintiff again asserted FDCPA, TCPA, and GFBPA claims against Capital Link.  [Doc. 22 at 12-14, 15-19, 22-23].  Relevant here, Plaintiff alleges violations of 15 U.S.C. §§ 1692c(b), 1692d(6), 1692e(11) of the FDCPA. [Doc. 22 at 13, 15].

Defendant filed the pending motion on December 8, 2020, [Doc. 23], Plaintiff responded on January 19, 2021, [Doc. 29], and Defendant replied on

---

[1]    The Clerk entered default against Defendant Global Mediation Group, LLC, on September 1, 2020.  (Dkt. Entry 09/01/2020).  Plaintiff has taken no further action against that Defendant.

[2]    To the extent the pagination within the document conflicts with the page numbers automatically generated by PACER, the Court refers to the page numbers generated by PACER.

February 2, 2021, [Doc. 35].  With briefing completed, the motion is ripe for recommended resolution.

**II.    Facts**

In the amended complaint, Plaintiff alleges that Defendant violated the FDCPA, TCPA, and GFPBA.  [Doc. 22 at 1-2].  She alleges that Defendant's principal business is the collection of debts from consumers and it is a "debt collector" for purposes of the FDCPA.  [*Id.* at 3-4].  Plaintiff further alleges that she has a daughter named Laura Sosa and, at all times relevant to the complaint, Plaintiff had a cellular phone registered to her with one specific number.  [*Id.* at 5].  Plaintiff alleges that Ms. Sosa owes a debt that Defendant is attempting to collect but that Defendant did not receive prior consent from Ms. Sosa to contact Plaintiff regarding that debt.  [*Id.*].

Plaintiff claims that on November 9, 2019, an employee of Defendant called her and requested that she get a message to Ms. Sosa regarding a consumer debt the employee alleged was owed by Ms. Sosa.  [*Id.* at 5-6].  Plaintiff explained that her daughter lived in another state, she could not be reached at the number called, and requested that Defendant not contact her again.  [*Id.* at 6].  Despite that request, Plaintiff alleges that she received at least 15 more calls requesting that she have Ms. Sosa contact Defendant.  [*Id.* at 6].  The voicemails Defendant left did not state

3

that Defendant was a debt collector or that any information obtained would be used for that purpose. [*Id.*]. Around November 19, 2019, Jacob Frame, a representative of Defendant, left a voicemail for Plaintiff giving his name, stating he worked with the legal division of Capital Link Management, and saying that he was hoping Plaintiff could get notification out to Ms. Sosa regarding a petition for civil judgment and petition for garnishment. [*Id.* at 6-7]. He left his phone number and a case number. [*Id.* at 7].

Plaintiff then alleges that, in contacting her, Defendant was aiming to pressure her to pay an alleged debt and those actions caused her actual and general damages due to embarrassment, anxiety, and stress. [*Id.* at 9].

### III.    Motion to Dismiss Legal Standards

A Rule 12(b)(6) motion to dismiss is granted if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether a cause of action fails to state a claim on which relief may be granted, the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also Harford v. Delta Air*

4

*Lines, Inc.*, No. 1:06-cv-2218-WSD, 2008 WL 268820, at *2 (N.D. Ga. Jan. 30, 2008) ("Dismissal of a complaint is appropriate 'when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.' ") (quoting *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.   <u>Arguments of the Parties</u>

Defendant first argues that the amended complaint fails to state a claim under § 1692c(b) because Plaintiff is not a "consumer" as defined by that section and therefore lacks standing to assert a claim.  [Doc. 23-1 at 3].   It argues that courts outside the Eleventh Circuit have determined that § 1692c only applies to consumers, and the Eleventh Circuit held the same in an unpublished opinion, *Johnson v. Ocwen Loan Servicing*, 374 Fed. Appx. 868, 874 (11th Cir. Mar. 15, 2010), as  have various district courts in this Circuit.  [*Id.* at 4-5].  It contends that Plaintiff has failed to alleged facts in the amended complaint establishing that she is a consumer because she has not alleged that she owes the debt at issue and the individual who owes the debt, Laura Sosa, is her adult child.  [*Id.* at 5-6].

5

Next, Defendant contends that the amended complaint fails to state a claim under § 1692e(11) for the same reason:  that section only applies to consumers and the amended complaint fails to properly allege Plaintiff is a consumer for purposes of the statute.  [*Id.* at 6].  Defendant notes that the amended complaint makes clear the debt in question belongs to Plaintiff's daughter, Ms. Sosa, and therefore Plaintiff does not have standing to pursue this claim.  [*Id.* at 6-7].

Defendant further contends that the amended complaint also fails to state a claim under § 1692d(6) because, while it does allege that Defendant violated that provision by failing to identify that its communication was from a debt collector and any information gathered would be used to collect a debt, it is devoid of facts alleging that it failed to provide a meaningful disclosure as required by the statute. [*Id.* at 7].  It contends that, as pleaded, it alleges a violation of § 1692e(11).  [*Id.*]. It argues that, if it had disclosed to Plaintiff that it was a debt collector attempting to collect a debt owed by Ms. Sosa, it would have violated  § 1692c(b), which prohibits debt collectors from notifying a third party that a consumer owes a debt. [*Id.*].   It claims that the FDCPA expressly prohibits the disclosure of such information to third parties.  [*Id.*].

Alternatively, Defendant argues that § 1692d(6) only requires that a debt collector meaningfully disclose its identity in its communications with a person it

6

contacts, which has been defined to include the disclosure of the caller's name, the debt collection company's name, and the nature of the debt collector's business. [*Id.* at 8]. Defendant argues that Plaintiff has not alleged in the amended complaint that it failed to provide a meaningful disclosure. [*Id.*]. It notes that, in fact, Plaintiff alleged that she received a call from Defendant's representative, he disclosed that he was calling from Defendant's legal division, and provided Plaintiff with the purpose of the call. [*Id.* at 9]. Defendant contends that these disclosures constitute a meaningful disclosure under the relevant caselaw. [*Id.*].

Finally, Defendant argues that Plaintiff's GFBPA claims rise and fall with her FDCPA claims and therefore should be dismissed as well. [*Id.* at 10-11]. Defendant does not challenge Plaintiff's TCPA claims in its motion. [*See generally id.*].

In response, Plaintiff argues that the FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. [Doc. 29 at 4]. She argues that § 1692a(3) defines a consumer as any person obligated or allegedly obligated to pay any debt, and so a consumer is anyone a debt collector contacts seeking to collect a debt, but who does not owe it, because they are allegedly obligated. [*Id.* at 4-5]. In determining whether a debt collector's actions violate the FDCPA, Plaintiff argues that the

7

Court should consider the tendency of language to mislead the least sophisticated recipients. [*Id.* at 5]. Plaintiff argues that Defendant is attempting to defeat her claims on narrow technical grounds but the Court should not divorce statutory construction from the purpose of the statute. [*Id.* at 5-6].

Plaintiff also argues that she may sue under § 1692(e)(11) and that Defendant's argument based on its contention that Plaintiff is not a consumer flies in the face of § 1692k(a), which provides that " '*any* debt collector who fails to comply with *any* provision of the [FDCPA] with respect to [a] person is liable to such a person. . . .' " [*Id.* at 6-7 (emphasis in original)]. Plaintiff argues that the Eleventh Circuit rejected the argument that the FDCPA only covered communication directed to consumers in *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291 (11th Cir. 2015). [*Id.* at 7]. Plaintiff also argues that recent district court rulings relying on *Miljkovic* have held that debt collectors are liable to non-debtors for violations of the FDCPA. [*Id.* at 7-8 (citations omitted)]. She contends that the caselaw cited by Defendant was issued prior to *Miljkovic* and did not have the benefit of its analysis. [*Id.* at 8-9]. Accordingly, Plaintiff argues that Defendant's assertion that she may not recover under § 1692e(11) because she is not a consumer is without merit. [*Id.* at 8].

8

Next, Plaintiff alleges that Defendant violated § 1692d(6) because it placed calls to her that were not in compliance with §§ 1692b and 1692d(6).  [*Id.* at 9-10]. She argues that the voicemail she received did not state that the call was from a debt collector or that any information would be used for purposes of debt collection. [*Id.* at 10-11].  She disputes Defendant's argument that she failed to allege that there was no meaningful disclosure because there is no requirement that she plead the elements of the cause of action in her amended complaint.  [*Id.* at 11].  Plaintiff argues that the caselaw cited by Defendant actually supports her position that a debt collector must disclose the nature of its business, *i.e.*, that it is a debt collector. [*Id.* at 11-12].  She further argues that Defendant's assertion that the voicemail constitutes a meaningful disclosure fails because it did not state that the call was from a debt collector.  [*Id.* at 12].

Plaintiff next argues that Defendant also violated § 1692c(b), which is meant to prevent third-party contacts by debt collectors to protect a consumer's reputation and privacy.  [*Id.* at 13-14].  Plaintiff admits that *Miljkovic* appears to embrace the concept that § 1692c claims may only be brought by a consumer but argues that the Eleventh Circuit has not specifically addressed whether a direct communication to a non-consumer may, in certain circumstances, be considered an "indirect" communication with a consumer.  [*Id.* at 14].  Accordingly, Plaintiff urges the

9

Court to determine that Defendant's voicemail was an indirect communication attempting to collect a debt from Ms. Sosa.  [*Id.*].  Plaintiff argues that courts have taken an extremely broad view of "indirect communication."  [*Id.* at 14-15].  She admits that *Miljkovic* suggests that all § 1692c claims must be bought by the consumer or her representative.  [*Id.* at 15].  However, she argues that the motion to dismiss this claim should be denied because Defendant has not shown that there are no facts upon which she may recover.  [*Id.* at 15-16].  Finally, Plaintiff argues that because her FDCPA claims are viable, the Court should deny Defendant's motion to dismiss her GFBPA claims.  [*Id.* at 16].  She further requests an opportunity to file a second amended complaint if the Court chooses to dismiss her amended complaint.  [*Id.*].

In reply, Defendant argues that although the FDCPA generally protects any person that is the subject of unlawful debt-collection practices, the protections afforded by §§ 1692c(b) and 1692e(11) are strictly limited to consumers, which does not include third parties who do not owe or are allegedly obligated to pay a debt.  [Doc. 35 at 1-2].  With regard to § 1692d(6), Defendant contends that a review of the amended complaint demonstrates that Defendant's voicemail identified the caller's name, Defendant's name, and the nature of Defendant's business; and Plaintiff's assertion that it also had to disclose that it was a debt

10

collector attempting to collect a debt and any information it obtained would be used for that purpose is misguided because the FDCPA prohibits it from disclosing that it is a debt collector to a third party who does not owe the subject debt.  [*Id.* at 2-3].

Defendant also contends that Plaintiff's reliance on *Miljkovic* is misplaced in that she misapplied the court's interpretation and application of the FDCPA to a third party that does not meet the definition of "consumer" under the FDCPA. [*Id.* at 3].  Defendant argues that *Miljkovic* held that the FDCPA categorically prohibits abusive conduct in the name of debt collection, even when the audience for such conduct is not the consumer.  [*Id.* at 3-4].  In reaching that holding, Defendant argues, the court analyzed the various provisions of the FDCPA and the extent each provision applies to non-consumers.  [*Id.* at 4].   It notes that, with regard to § 1692c, the court specifically pointed out that it referred to consumers and distinguished them from attorneys and other third parties, meaning that Plaintiff does not have standing pursuant to § 1692c(b) as a non-consumer. [*Id.* at 4-5].  Similarly, Defendant argues that § 1692e(11) is similarly limited and that courts in this Circuit have interpreted it to apply only to consumers under the FDCPA.  [*Id.* at 5-6].  Defendant claims that the plain text of § 1692e(11) and cases

applying the plain language of the statute, such as *Miljkovic*, show that Plaintiff does not have standing to pursue this claim.  [*Id.* at 6].

Next, Defendant asserts that Plaintiff's argument that it violated § 1692d(6) because it did not disclose in its communication that it was a debt collector and that any information would be used for that purpose fails because the caselaw she cites in support involved actions brought by consumers, not third parties.  [*Id.* at 7-8].  It contends that, because Plaintiff is a third party, she is not entitled to the FDCPA's meaningful-disclosure requirement.  [*Id.* at 8].  It further argues that §1692d(b)'s application is best understood by reference to §1692c(b), which prohibits a debt collector from communication with any person other than the consumer in connection with the collection of any debt.  [*Id.* at 8-9].  It notes that the FDCPA prohibited it from disclosing to Plaintiff that her daughter, Laura Sosa, owed a debt and so it was not required to provide Plaintiff with a meaningful disclosure under § 1692d(6).  [*Id.* at 9].

Alternatively, it argues that it did provide her with a meaningful disclosure because such a disclosure to a third-party only requires a debt collector to identify the caller's name, the debt collection company's name, and the nature of the debt collector's business.  [*Id.* at 9].  Defendant contends that Plaintiff's amended complaint admits that it made these disclosures.  [*Id.* at 9-10].

12

Defendant argues that Plaintiff's GFBPA claims must be dismissed because they rely entirely on her FDCPA claims.  [*Id.* at 10].  Finally, Defendant contends that Plaintiff's request for leave to amend her complaint should be denied because it was not submitted via motion.  [*Id.* at 10-11].

**V.     Analysis**

a.     15 U.S.C. § 1692c(b)

The FDCPA provides at § 1692c(b) as follows:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).  Thus, § 1692c(b) prohibits a debt collector from communicating with third parties about the consumer's debt.  *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1353 (11th Cir. 2009).  A consumer under § 1692c, in turn, is "any natural person obligated or allegedly obligated to pay any debt," 15 U.S.C. § 1692a(3), as well as "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator."  15 U.S.C. § 1692c(d).

13

In *Miljkovic*, the Eleventh Circuit held that the FDCPA applies to lawyers and law firms who regularly engage in debt collection, even when that activity involves litigation, and, "categorically prohibit[s] abusive conduct in the name of debt collection" even when the audience is someone besides the consumer. *Miljkovic*, 791 F.3d at 1297.   In discussing § 1692c, *Miljkovic* contrasted that provision with § 1692d.  *Id.*, 791 F.3d at 1300.  The court stated that the latter "ostensibly protects any person from being harassed . . . by a debt collector in connection with the collection of a debt," and so was in contrast with provisions such as the former, where the application of the section was restricted to "consumers and 'the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." *Id.* at 1300-01 (emphasis omitted).

The Court concludes that, since the language in *Miljkovic* is clear, Plaintiff's § 1692c(d) claim is to be dismissed.   The parties agree that the debtor, Laura Sosa, is not a party and, although Plaintiff is Ms. Sosa's mother, Ms. Sosa is not a minor. Plaintiff is therefore not a consumer for the purposes of this provision.  Plaintiff urges that the Court to find that Defendant is liable and points to the broad construction of "indirect communications" used in some cases.  [Doc. 29 at 14-15]. The Court declines to do so on the basis that doing so would be inconsistent with *Miljkovic*'s interpretation of the relevant statutory language.

14

Accordingly, the undersigned **RECOMMENDS** that Defendant's motion be **GRANTED** as to Plaintiff's 15 U.S.C. § 1692c(b) claim.

    b.  <u>15 U.S.C. § 1692e(11)</u>

The FDCPA provides at § 1692e(11) as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
. . .

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11). In *Miljkovic*, the court stated that "§ 1692e is naturally read to bar 'any' prohibited representation, regardless of to whom it is directed, so long as it is made 'in connection with the collection of any debt.' " *Miljkovic*, 791 F.3d at 1301. In light of this language, Defendant argues that a plain language analysis is necessary and points to the fact that the language of the subsection refers to written and oral communication "with the consumer." [Doc. 35 at 6]; 15 U.S.C. § 1692e(11). Defendant also points to several district court cases

15

supporting this view. [Doc. 35 at 5-6 (citing *see Sclafani v. BC Services, Inc.*, No. 10-cv-61360, 2010 WL 4116471, at *1-2 (S.D. Fla. Oct. 18, 2010); *Condon v. Global Credit & Collection Corp.*, No. 8:10-cv-1526, 2010 WL 5071014, at *5 (M.D. Fla. Dec. 7, 2010))].

However, as Plaintiff points out, these cases pre-date *Miljkovic*. [Doc. 29 at 8-9]. Moreover, the Court notes that *Miljkovic* focused on plain language, but focused in particular on the language of § 1692e itself, and its prohibition against "any false, deceptive, or misleading representation . . . in connection with the collection of any debt." 15 U.S.C. § 1692e; *Miljkovic*, 791 F.3d at 1301 (emphasis omitted). The Court further notes that § 1692(e) explicitly states that any restrictions made in the subsections is made without "limiting the general application of the foregoing." 15 U.S.C. § 1692e. Accordingly, the Court rejects Defendant's argument that § 1692e(11) should be limited to "consumers" and **RECOMMENDS** that the motion to dismiss as to Plaintiff's § 1692e(11) claim be **DENIED** and that Plaintiff be permitted to pursue this claim.

c. <u>15 U.S.C. § 1692d(6)</u>

The FDCPA provides at § 1692d(6) as follows:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general

application of the foregoing, the following conduct is a violation of this section:

. . .

> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6).  In the amended complaint, Plaintiff alleges that she received a call from an employee of Defendant on November 9, 2019 and provided Ms. Sosa's location, received an additional 15 calls from Defendant asking her to have Ms. Sosa contact Defendant, and on November 19, 2019, received a voicemail from Jacob Frame, an employee of Defendant, who stated that he was with the legal division for Capital Link Management, and that he stated the message was intended for Plaintiff in the hopes that she could get in contact with Laura Sosa.  [Doc. 22 at 5-7].  Plaintiff points to caselaw finding that a meaningful disclosure requires an individual debt collector employed by a debt collection company to "accurately disclose[] the name of her employer and the nature of her business."  [Doc. 29 at 10 (citing *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 597 (N.D. Ga. 1982)].  Because Defendant's voicemail did not indicate that the call was from a debt collector or that any information provided would be used for that purposes, Plaintiff argues Defendant violated § 1692d(6).

17

Defendant argues that providing any more information would have violated 15 U.S.C. § 1692c(b), which prohibits a debt collector from communicating with a person other than the consumer or her attorney about the collection of a debt without the prior consent of the consumer.  15 U.S.C. § 1692c(b).  Alternatively, Defendant cites to caselaw indicating a meaningful disclosure requires only that it disclose its identity in communications with Plaintiff.  [Doc. 23-1 at 7-8].

Section 1692c(b) generally prohibits debt collectors from communicating with third parties in connection with the collection of any debt absent permission from the consumer and other limited, specific situations.  15 U.S.C. § 1692c(b).  There is one exception, however.  Section 1692b is titled "Acquisition of Location Information."  As stated above, Section 1692d(6) begins by noting an exception "as provided in section 1692b of this title."  That section, in relevant part, states that "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall . . . identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer . . . ."  15 U.S.C. § 1692b(1).  Section 1692b further prohibits a debt collector from notifying a third party that the consumer owes a debt or calling

18

repeatedly after being told that the consumer is not available at the called telephone number.  *Id.* § 1692b(2)-(3).

Although they do not argue its applicability, the parties do not dispute that Plaintiff is a third party, Defendant repeatedly sought to reach Ms. Sosa through Plaintiff, and Plaintiff did, in fact, provide a location for Ms. Sosa to Defendant. The Court therefore analyzes Section 1692b's applicability.  Relevant here, in the amended complaint, Plaintiff alleges that, although she requested that Defendant not call her again, it called her at least 15 more times.  [Doc. 22 at 6].  Plaintiff further alleges that Jacob Frame called on November 19, 2019, indicated he was from Capital Link, and asked if Plaintiff could get legal notification out to Ms. Sosa. [*Id.* at 6-7].  Accordingly, as alleged in the amended complaint, through its employees Defendant identified itself without being expressly asked to do so and continued to call Plaintiff despite being asked not to.  Accordingly, even assuming the exception outlined as § 1692b could be applied, the requirements for doing so have not been met.

Next, the Court addresses Defendant's argument that complying with § 1692d(6) would have caused it to violate § 1692c(b).  [Doc. 23-1 at 8].   In a similar situation, the Eleventh Circuit stated that the answer is that the FDCPA does not guarantee a debt collector the right to leave answering machine messages.

19

*Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1543 (11th Cir. 2009) (holding that, assuming that leaving messages that include the disclosure required by § 1692e(11) would violate § 1692c(b) if heard by a third party, "the answer is that the [FDCPA] does not guarantee a debt collector the right to leave answering machine messages"). Similarly, here, if Defendant could not comply with all of the requirements of the FDCPA when contacting Plaintiff in an attempt to contact and locate Ms. Sosa, the answer is that the FDCPA did not guarantee it the right to do those things.

Nevertheless, the question at issue is whether Plaintiff has sufficiently alleged that Defendant violated § 1692d(6). That question, in turn, depends on whether Defendant was required to make a meaningful disclosure and, if so, what needed to be included in that disclosure.

Although there is some indication in the caselaw that the meaningful disclosure requirement simply does not apply to third parties, *see, e.g.*, *Chalik v. Westport Recovery Corp.*, 677 F. Supp. 2d 1322, 1326 (S.D. Fla. 2009) (stating that the debt callers give "meaningful disclosure" of a caller's identity when placing telephone calls, "except when communicating with third parties"), the Court doubts this view has survived *Miljkovic*, *see* 791 F.3d at 1300 ("Given the phrase 'any person,' § 1692d's universal application could not be clearer").

20

The Court notes that "meaningful disclosure" is not defined by the FDCPA, the Eleventh Circuit has not addressed the question, and the district courts have failed to reach a full consensus on the issue. *See Hart v. Credit Control, LLC*, 871 F.3d 1255, 1259 (11th Cir. 2017). In the present case, although Defendant has not satisfied the criteria for it to be used as an exception, the Court observes that § 1692b is a useful indicator of what "meaningful disclosure" means in this context. Notably, § 1692b prohibits a debt collector from speaking with a third party while attempting to locate a consumer from even stating that the consumer owes a debt. 15 U.S.C. § 1692b(2). Based on this prohibition, the Court finds Plaintiff's argument that Defendant was required to state that the call was from a debt collector or that any information provided would be used for that purposes to be unpersuasive. Defendant's employee provided his name, the name of Defendant, and the nature of the call, in that he stated he was from the legal department and was attempting to reach Ms. Sosa regarding petitions for civil judgment and garnishment. [Doc. 22 at 6-7].

The Court notes that the "least-sophisticated consumer" standard applies to this claim. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 n.33 (11th Cir. 2010); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). This standard is an objective test designed to protect the vulnerable while

21

preventing "liability for bizarre or idiosyncratic interpretations of collection notices." *LeBlanc*, 601 F.3d at 1194. In this regard, the amended complaint alleges that Defendant contacted Plaintiff repeatedly, but each time made clear that it was trying to reach Ms. Sosa and that the debt was Ms. Sosa's. [*See* Doc. 22 at 5-7]. More importantly, the Court finds that requiring Defendant to disclose that the call was from a debt collector and that any information provided would be used for purposes of debt collection, when a specific exception to § 1692d(6) applies only if a debt collector does not state that the consumer owes a debt, *see* 15 U.S.C. § 1692b(2), would promote an idiosyncratic interpretation of the statute. *LeBlanc*, 601 F.3d at 1194. In this situation Defendant disclosed enough information so as not to mislead Plaintiff as to the purpose of the call. *See Cliche v. Receivables Performance Mgmt., LLC*, No. 310-cv-19-WBH-AJB, 2010 WL 11646952, at *7 (N.D. Ga. Nov. 3, 2010) (quoting *Glover v. Client Servs., Inc.*, No. 1:07-cv-81, 2007 WL 2902209, at *6-7 (W.D. Mich. Oct. 2, 2007)), *report and recommendation adopted*, No. 3:10-CV-19-WBH, 2011 WL 13318721 (N.D. Ga. Jan. 13, 2011).

Accordingly, the Court concludes that, under these circumstances, Defendant provided meaningful disclosure to Plaintiff and as a result,

**RECOMMENDS** that the motion to dismiss be **GRANTED** and Plaintiff's § 1692d(6) claim be dismissed.

      d.    <u>Other Issues</u>

With regard to Plaintiff's GFBPA claims, the parties agree that they rise and fall with her FDCPA claims. [*See* Doc. 23-1 at 10-11, Doc. 29 at 16]; *see also Harris v. Liberty Cmty. Mgmt., Inc.*, 702 F.3d 1298, 1303 (11th Cir. 2012) (recognizing that "a violation of the FDCPA constitutes a violation of the GFBPA") (citing *1st Nationwide Collection Agency v. Werner*, 288 Ga. App. 457, 460 654 S.E.2d 428, 431 (2007)). As the Court recommends that Plaintiff's § 1692e(11) claim survive, so does her GFBPA claim on the same basis. Therefore, the undersigned **RECOMMENDS** that Defendant's motion to dismiss be **DENIED** as to Plaintiff's GFBPA claim.

Finally, Plaintiff has requested the opportunity to amend her complaint. [Doc. 29 at 16]. However, as pointed out by Defendant, a request to amend a complaint must be done by motion and must include a copy of the proposed amended pleading. Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."); *see also Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999) (finding that the plaintiffs never properly moved for leave to amend because they merely requested it in one of their memoranda); *In re AndroGel*

23

*Antitrust Litig.*, 687 F. Supp. 2d 1371, 1382 (N.D. Ga. 2010) (Thrash, J.) (stating that a request for leave to amend a complaint must be made by motion and must either attach a copy of the proposed amendment or include the substance of the proposed amendment).  Plaintiff's request to amend, therefore, is **DENIED**.

### VI.   <u>Conclusion</u>

For the reasons stated above, the Court **RECOMMENDS** that Capital Link Management LLC's Motion to Partially Dismiss Plaintiff's Amended Complaint, [Doc. 23], be **GRANTED IN PART AND DENIED IN PART**.  Specifically, the undersigned **RECOMMENDS** that the motion be **GRANTED** as to Plaintiff's claims brought pursuant to 15 U.S.C. §§ 1692c(b), 1692d(6), and **DENIED** as to Plaintiff's claims pursuant to 15 U.S.C. § 1692e(11) and the Georgia Fair Business Practices Act.  Plaintiff's request to further amend her complaint, as discussed in her response, [Doc. 29], to Defendant's motion to partially dismiss the amended complaint, is **DENIED**.

**IT IS SO ORDERED and RECOMMENDED**, this the 21st day of July, 2021.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE