## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DEBBIE JOE,

     Plaintiff,

          v.

CAPITAL LINK MANAGEMENT, LLC, GLOBAL MEDIATION GROUP, LLC, and JERRY VERHAGEN,

     Defendants.

Civil Action No.
1:20-cv-02763-SDG-AJB

## OPINION AND ORDER

This matter is before the Court on United States Magistrate Judge Alan J. Baverman's Report and Recommendation (R&R) that Defendant Capital Link Management LLC's (Capital Link) motion to partially dismiss Plaintiff Debbie Joe's Amended Complaint be granted in part and denied in part. Capital Link and Joe have both filed objections to the R&R [ECF 52 and ECF 53]. After careful review of the R&R, the parties' objections, and the responses to these objections, the Court **ADOPTS IN PART** and **DECLINES IN PART** the R&R. Capital Link's partial motion to dismiss is **GRANTED**.

I.     BACKGROUND

Plaintiff Debbie Joe initiated this action on June 30, 2020.[1] Joe alleges that Capital Link violated the Fair Debt Collections Practices Act (FDCPA), the Telephone Consumer Protection Act (TCPA), and the Georgia Fair Business Practices Act (GFBPA), when its representatives called her, repeatedly, regarding a debt owed by her daughter, Laura Sosa.[2] Specifically, Joe alleges that she received the first call on November 9, 2019, when a representative of Capital Link asked her to get a message to Sosa regarding a consumer debt.[3] Though Joe told the representative that Sosa lived in another state and asked that Capital Link not contact her again, its representatives called Joe at least 15 more times requesting that she have Sosa contact Capital Link.[4] The voicemails left by these Capital Link representatives did not state that the call was from a debt collector.[5]

---

[1]   ECF 1.

[2]   ECF 22, ¶¶ 17–22. Default has been entered against Defendants Global Mediation Group, LLC and Jerry Verhagen, but Joe has not moved for default judgment. Accordingly, the R&R and this Order only address the claims against Capital Link.

[3]   *Id.* ¶ 17.

[4]   *Id.* ¶¶ 18–21.

[5]   *Id.* ¶ 21.

On or around November 19, 2019, a representative of Capital Link called Joe and left a voicemail message stating:

> Hi, my name is Jacob Frame. I am with the legal division for Capital Link Management. This message is intended for Debbie S. Joe. Debbie I do apologize for the inconvenience, but I am reaching out to you today in the hopes that you can get legal notification out to Lauren Sosa referencing a petition for civil judgment and a petition for garnishment [on a debt] of hers which has been filed in my office. I do need to speak with either Laura or a representative attorney of hers as soon as possible. I will be recommending the filing of this matter as of November 21 due to lack of contact. So, if you can have her return my phone call, it would be in her best interest to contact me.[6]

As relevant here, Joe claims that these phone calls violated 15 U.S.C. §§ 1692c(b), 1692e(11), and 1692d(6) of the FDCPA and, accordingly, the GFBPA, which imposes liability for any FDCPA violation.[7] Capital Link moved for dismissal of the FDCPA and GFBPA claims, but not the TCPA claims, arguing that Joe is not a consumer and, therefore, she cannot bring claims under §§ 1692c(b) and 1692e(11), and that its representatives made meaningful disclosures when calling Joe, precluding liability under § 1692d(6).[8] In his R&R, Judge Baverman recommends

---

[6]   *Id.* ¶ 22.

[7]   *Id.* ¶¶ 41–48, 102–05.

[8]   ECF 23.

that Capital Link's motion be granted as to the §§ 1692c(b) and 1692d(6) claims, but denied as to the § 1692e(11) claim. Both Capital Link and Joe filed objections[9] and responses to the other's objections,[10] and Joe filed a reply in support of her objections.[11]

## II.    LEGAL STANDARD

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections specifically identifying the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the

---

[9]    ECF 52; ECF 53.

[10]    ECF 54; ECF 55.

[11]    ECF 56.

face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. The district court may consider or decline to consider an argument that was never presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## III.   DISCUSSION

Joe objects to Judge Baverman's findings and recommendations that her §§ 1692c(b) and 1692d(6) claims be dismissed. Joe argues that Judge Baverman failed to consider whether the phone calls were "indirect communications" to Sosa, which, according to Joe, gives her standing to pursue the §1692c(b) claim,[12] and that he erred in finding that the phone calls and voicemails contained meaningful disclosures as required by § 1692d(6).[13] Capital Link, in turn, objects to Judge Baverman's finding that non-consumers can bring claims under § 1692e(11), which requires initial communications "with the consumer" to

---

[12]   ECF 53, at 10–12.

[13]   *Id.* at 5–10.

contain certain information.[14] Each claim and corresponding objection will be addressed in turn.

### A.    15 U.S.C. § 1692c(b)

Capital Link employees reached out to Joe multiple times about a consumer debt owed by her daughter, Sosa. The FDCPA, at § 1692c(b), prohibits debt collectors from communicating with a third party, or "with any person other than the consumer," about the consumer's debt without prior consent from the consumer. A consumer is defined as "any natural person obligated or allegedly obligated to pay any debt," 15 U.S.C. § 1692a(3), as well as "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." 15 U.S.C. § 1692c(d). Under this definition, Sosa is the consumer and, because Sosa is not a minor, Joe qualifies as "any other person."

The allegations in the Amended Complaint may sufficiently state a claim for a violation of § 1692c(b), but this claim is not Joe's to bring. The R&R, and the parties in their respective objections, discuss the Eleventh Circuit opinion *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291 (11th Cir. 2015), at length. In *Miljkovic*, the Eleventh Circuit considered who is protected by the various sections of the

---

[14]    ECF 52, at 4–12.

FDCPA, ultimately holding that attorneys operating as debt collectors are prohibited from engaging in misleading or abusive conduct, even during litigation where the attorneys only communicate with other attorneys. *Id.* at 1300–03.

In coming to this conclusion, the Eleventh Circuit contrasted §§ 1692d and 1692e with § 1692c, finding that §§ 1692d and 1692e protect any person—consumer or not—from abusive conduct, but that "[§] 1692c, as a whole, regulates debt collectors' communications with consumers. In contrast to other provisions, § 1692c explicitly refers to the 'consumer' and clearly and necessarily distinguishes 'consumers' from 'attorneys' and other third parties. It is thus understood to protect only consumers and those individuals enumerated in § 1692c(d)." *Id.* at 1301 (internal citations omitted). In other words, § 1692c protects consumers from debt collectors who use inappropriate or abusive means to contact them, such as contacting the consumer at unusual times or contacting third parties in their stead. 15. U.S.C. §§ 1692c(a) and (b). It does not protect third parties themselves from debt collector contacts.

Judge Baverman correctly found that, applying *Miljkovic,* only consumers can bring claims under § 1692c. Joe is not a consumer as defined by the act, and therefore her § 1692c claim fails as a matter of law. Joe argues in her objection that the phone calls are "indirect communications" to Sosa, which falls under the

purpose of regulating "debt collectors' communications with consumers."
*Miljkovic*, 791 F.3d at 1301. Whether the phone calls were direct communications
to Joe or indirect communications to Sosa is a distinction without a difference
because it is Joe, not Sosa, who seeks to bring this claim. Section 1692c(b) covers
communications "in connection with the collection of any debt, with any person
other than the consumer," and therefore covers what Joe defines as an "indirect
communication." But it is a claim that only Sosa, as the consumer, has standing to
bring. The Court adopts the R&R on this issue.

> ### B.      15 U.S.C. § 1692e(11)

By contrast, Judge Baverman found that Joe, even as a non-consumer, could
maintain her claim under § 1692e(11). Section 1692(e) provides that "[a] debt
collector may not use any false, deceptive, or misleading representation or means
in connection with the collection of any debt." The section also lists conduct that
constitutes a violation of the section but expresses that the specific conduct listed
does not limit "the general application" of the statute. Joe, however, alleges that
Capital Link violated § 1692e(11), specifically, which provides:

> The failure to disclose in the initial written
> communication with the consumer and, in addition, if
> the initial communication with the consumer is oral, in
> that initial oral communication, that the debt collector is
> attempting to collect a debt and that any information
> obtained will be used for that purpose, and the failure to

disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

In concluding that Joe could maintain a claim under § 1692e, Judge Baverman again applied *Miljkovic*, in which the Eleventh Circuit found that § 1692e bars "prohibited representation, regardless of to whom it is directed." *Id.* at 1301.

The Court agrees with Judge Baverman that the statute allows consumers and non-consumers alike to bring claims for abusive debt collection practices generally, but respectfully disagrees that § 1692e(11), in particular, can be brought by non-consumers such as Joe. The prohibited conduct in § 1692e(11) relates specifically to "initial communication[s] with the consumer." As alleged, the phone calls to Joe were not "initial communication[s]" with "the consumer," thus Joe has failed to state a claim for violation of §1692e(11).

Even considering the general applicability of the section, § 1692e(11) is expressly limited to initial communications with consumers. In the Amended Complaint, Joe has not alleged a general violation of § 1692 or any other enumerated violation specifically. As such, the Court declines to adopt the R&R on this issue.

**C.      15 U.S.C. § 1692d(6)**

Finally, as for the § 1692d(6) claim, Judge Baverman found that Capital Link's representatives provided sufficient disclosures in the phone calls to Joe. This section prohibits debt collectors from "plac[ing] telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6). Joe's objection focuses on the recorded voicemail from Jacob Frame.[15] She argues that Frame violated the statute because he was required to state that he was a debt collector and that any information Joe gave would be used for debt collection purposes.

In making her argument concerning whether Frame provided "meaningful disclosure," Joe imports the language from § 1692e(11) which, as noted, applies only to initial communications with the consumer. Unlike § 1692e(11), however, § 1692d(6) sets an undefined standard for meaningful disclosure. Reading these provisions harmoniously, § 1692(d)(6) must require something different, if not less restrictive than, § 1692e(11). *See In re ACF Basin Water Litig.*, 467 F. Supp. 3d 1323, 1331 (N.D. Ga. 2020) (when construing undefined statutory terms, courts look to the entire statute and context because "[s]tatutory construction is a holistic endeavor" and a "provision that may seem ambiguous in isolation is often

---

[15]   ECF 53, at 6–9.

clarified by the remainder of the statutory scheme") (quoting *In re Wild*, 955 F.3d 1196, 1206 (11th Cir. 2020)).

The Eleventh Circuit has held that meaningful disclosure is "provided as long as the caller reveals the nature of the debt collection company's business, which can be satisfied by disclosing that the call is on behalf of a debt collection company, and the name of the debt collection company." *Hart v. Credit Control, LLC*, 871 F.3d 1255, 1260 (11th Cir. 2017).  As alleged, Frame's voicemail stated that he was "with the legal division for Capital Link Management" and that he was calling for the purpose of getting a notification to Sosa "referencing a petition for civil judgment and a petition for garnishment [on a debt]."[16] Though Joe describes the word "debt" as "garbled" on the message, she nonetheless recognized that Frame was calling in reference to Sosa's debt.[17] Frame revealed the name of his company and that he was calling on behalf of the company in reference to a debt.[18] This is sufficient. *Id.* The Court need not address Judge Baverman's findings that, under Joe's interpretation, § 1692d(6) would conflict with other statutes, as it finds

---

[16]   ECF 53, at 6 n.2.

[17]   *Id.*

[18]   *Id.*

that Frame's voicemail provided meaningful disclosure as contemplated by §1692d(6). The Court adopts the R&R on this issue.

### D.   Joe's GFBPA Claims

The parties agree that Joe's GFBPA claims rise and fall with her FDCPA claims.[19] *See Harris v. Liberty Cmty. Mgmt., Inc.*, 702 F.3d 1298, 1303 (11th Cir. 2012) ("[A] violation of the FDCPA constitutes a violation of the GFBPA.") (citing *1st Nationwide Collection Agency v. Werner*, 288 Ga.App. 457 (2007)). As Joe failed to state a claim for violations of the FDCPA, her GFBPA claims also fail.

## IV.   CONCLUSION

The Court **ADOPTS IN PART** and **DECLINES IN PART** the R&R [ECF 49]. Capital Link's partial motion to dismiss [ECF 23] is **GRANTED**. Counts I and V of the Amended Complaint are **DISMISSED WITHOUT PREJUDICE**.   Joe is **GRANTED** leave to amend and, if she chooses to do so, is **DIRECTED** to file a Second Amended Complaint within fourteen days of this Order.

**SO ORDERED** this the 28th day of September 2021.

Steven D. Grimberg
United States District Court Judge

---

[19]   ECF 22, ¶ 103; ECF  23-1, at 10-11; ECF 29, at 16.